UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOBNER MYRTIL,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3101

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.1, 15.) In an order entered on November 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the October 21, 2026, bond hearing on November 5, 2026, (Resp., ECF No. 5; Recording of

Oct. 21, 2026, Bond Hearing, filed on Nov. 5, 2026), and Petitioner filed his reply on November 9, 2026, (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Haiti who entered the United States in 2024. (Pet., ECF No. 1, PageID.3.) On August 7, 2026, Petitioner was arrested by ICE in Ohio. (*Id.*, PageID.4.)

On September 23, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Myrtil v. Putra* (*Myrtil I*), No. 1:26-cv-2662 (W.D. Mich.). In *Myrtil I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Myrtil I*, (W.D. Mich. Oct. 14, 2026), (ECF Nos. 6,7).

On Monday, October 19, 2026, Petitioner received a bond hearing pursuant to § 1226(a).[1] On October 21, 2026, Petitioner received a second bond hearing, at which he was represented by counsel. (Pet., ECF No. 1, PageID.7.) At the conclusion of the October 21, 2026, hearing, the immigration judge denied Petitioner's request for bond, stating: "Flight risk. [Petitioner] has a pending order of removal before the [Board of Immigration Appeals (BIA)]." Immigration Judge Order, *Myrtil I*, (ECF No. 10-1, PageID.102.)

During the October 21, 2026 hearing, the following exchange occurred regarding the applicable burden of proof:

---

[1] Petitioner contends that the October 19, 2026, bond hearing was conducted without proper notice to Petitioner or his counsel. (Pet., ECF No. 1, PageID.5–7.) Although Respondents dispute that proper notice was lacking, a second bond hearing was held on October 21, 2026, to allow Petitioner's counsel to participate. (*See* Resp., ECF No. 5, PageID.23–24.)

> **IJ:** Counsel, on at least three times, you mentioned the government having the burden. I don't see anything in the district court's order that shifts the burden to the government. Can you point me to where you're getting that?
>
> **Petitioner's Counsel:** I thought that in the, because there was a habeas case, the burden would fall onto the government to establish by clear and convincing evidence that the [Petitioner] was a flight risk.
>
> **IJ:** I note that sometimes the district court does explicitly do that. I note that this order doesn't seem to say that that's the case. It seems to leave the burden on the [Petitioner] as the BIA places the burden. I note that, in particular, this Judge sometimes in her orders—I've had a couple today—shifts the burden to the department. That's not included in this order that I see.
>
> **Petitioner's Counsel:** Okay. I mean we believe that was sort of a matter of course in these, in these, um, proceedings, so that would be our position. But we understand if the court, um, chooses otherwise.
>
> **IJ:** DHS, I guess before I take argument, let me get your position on the burden. Do you believe the burden to be on the [Petitioner] or do you believe it's on the government?
>
> **DHS Counsel:** Your honor, it's our understanding that the burden is on the [Petitioner]. Uh, the district court hasn't explicitly, uh, made an order otherwise.
>
> **IJ:** Okay.

(Recording of Oct. 21, 2026, Bond Hearing, at 12:37–13:50, filed on Nov. 5, 2026.) The immigration judge later explained:

> I will, I guess just state for the record, because there was some contention about it. I do believe that the burden of proof is on the [Petitioner], uh, according to BIA case law, places the burden of proof on the [Petitioner] to show that he is not a flight risk or a danger to the community. I note that sometimes the district court, and even this particular judge, shifts that burden in her orders. I don't see that contained anywhere within this order or within the opinion of the court, so I take that as that there was no shift of the burden in this case.

(*Id.* at 16:33–17:03.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on

the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 13, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge